IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEAN F. O'NEIL                                                                                    PLAINTIFF

      v.                Civil No. 06-3055

STATE OF ARKANSAS;
COUNTY OF BOONE; and
GORDON WEBB, Boone
County Prosecuting Attorney                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Dean F. O'Neil, filed this civil rights action on September 5, 2006. He proceeds pro se and *in forma pauperis*. Before the undersigned for report and recommendation is the motion to dismiss (Doc. 13) filed by the States of Arkansas and the Prosecuting Attorney for Boone County, Arkansas.[1]

### BACKGROUND

For purposes of discussion, we will summarize the allegations of the complaint. O'Neil was incarcerated in the Missouri Department of Corrections, Ozark Correctional Center, in Fordland, Missouri, on December 2, 2005, when he received formal notification of a detainer placed on him by the Boone County Prosecutor and the State of Arkansas. The notice indicates there was a warrant number 04-02596 for theft of property. (Doc. 1 at page 6). The detainer was acknowledged and lodged pursuant to the provisions of the Uniform Mandatory Disposition of Detainers Act (UMDD) and the Interstate Agreement on Detainers (IAD).

That same day, O'Neil completed a notice of place of imprisonment and request for disposition of indictment, information, or complaint and it was sent to Gordon Webb, Boone

---

[1] Defendants indicate Gordon Webb is not now, and was not at the times relevant to the complaint, Prosecuting Attorney for Boone County. Defendants note the correct public official may be substituted for Gordon Webb in accordance with the provisions of Rule 25(d)(2) of the Federal Rules of Civil Procedure. Defendants have not filed a motion to substitute or provided the court with the name of the individual who was the prosecuting attorney in December of 2005 through August of 2006 or who is currently the prosecuting attorney.

County Prosecutor, State of Arkansas, by certified mail (Doc. 1 at pages 8-9). On December 7, 2005, prison officials completed an offer to deliver temporary custody of O'Neil to Gordon Webb, Boone County, Arkansas. (Doc. 1 at pages 11-12).

On December 16th and December 28th, respectively, the certified mail sent to the Circuit Court Clerk of Boone County, Jeannie Steen, and Gordon Webb, Boone County Prosecutor, was signed for. (Doc. 1 at page 13). Following this, O'Neil heard nothing.

On June 16, 2006, O'Neil mailed to the Boone County Circuit Court a writ of prohibition to dismiss the untried detainer, indictment, information, or complaint based on defendants' failure to prosecute within the time limits authorized by the provisions of the UMDD and the IAD. (Doc. 1 at pages 14-16). On July 24, 2006, O'Neil received a letter from the Boone County Circuit Court which stated that office had issued no warrants in O'Neil's name. (Doc. 1 at page 18). O'Neil was advised to contact the Prosecutor's Office because they handled all detainers. (Doc. 1 at page 18). O'Neil was advised that his writ of prohibition was mailed to the prosecutor. (Doc. 1 at page 18).

On August 2, 2006, O'Neil received a second letter from the Boone County Circuit Clerk that said a clerical error had been made and a warrant was found that had been issued on April 6, 2005. (Doc. 1 at page 19). O'Neil was advised the warrant had been issued off an affidavit and detainer rather than an information which resulted in it not being recorded on the computer. (Doc. 1 at page 19). O'Neil was provided a copy of the warrant and once again advised that detainers were handled through the Prosecutor's Office. (Doc. 1 at page 19).

On August 3, 2006, O'Neil mailed a letter with exhibits to the prosecutor asking that the detainer, indictment, information, or complaint be dismissed. (Doc. 1 at pages 21-22). If there had been no detainer against him, O'Neil asserts he would have been eligible to spend the last six months of his confinement in work release with 25% of the amount he earned being placed in an account that would be made available to him for his immediate needs upon his release.

Because of the detainer, O'Neil states his custody level could not be lowered for outside clearance.

The complaint is entitled "writ of mandamus." As relief, O'Neil asks the court to order the defendants to dismiss the untried detainer, indictment, information, or complaint. He also asks for whatever relief the court deems just and proper.

## DISCUSSION

Defendants have now moved to dismiss the case. Defendants maintain this court has no jurisdiction or authority to issue a writ of mandamus against state officials. They assert 28 U.S.C. § 1361 extends only to issuing writs of mandamus against officers or employees of the United States or its agencies.

Defendants contend dismissal must be ordered by either the receiving state (Arkansas) or the sending state (Missouri). Thus, defendants contend O'Neil must file a petition to quash the detainer or to dismiss the charge in either Arkansas or Missouri in state court. Defendants maintain it is not clear whether O'Neil has ever filed a proper petition. Whether the fault rests with O'Neil or with the circuit clerk, defendants maintain is not relevant to the issues before this court.

"For section 1361 to apply, the plaintiff must seek 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Furthermore, federal courts have no authority to compel state officials to conform their conduct to state law. *See e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106-06, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Defendants are correct that the court does not have authority to issue a writ of mandamus under 28 U.S.C. § 1361. However, this fact does not entitled defendants to dismissal of the case.

Although plaintiff entitled his complaint a "writ of mandamus," he did not specifically rely on § 1361. Moreover, the court is obligated to construe O'Neil's complaint liberally. *See*

*e.g. Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). Instead, O'Neil relies on the provisions of the IAD.

The IAD has been entered into the majority of states including both Arkansas, Ark. Code Ann. § 16-95-101 (2006) *et seq.*, and Missouri, Mo. Stat. Ann. § 217.490 (2006), and the Federal Government, 18 U.S.C. App. § 2. It is a "congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution, Art. A, § 10, cl. 3," and "a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000)(internal quotation marks and citations omitted). "The Agreement creates uniform procedures for lodging and executing a detainer, *i.e.,* a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148, 121 S. Ct. 2079, 150 L. Ed. 2d 188 (2001).

The IAD gives the prisoner: (1) the right to demand a trial within 180 days; and (2) a State the right to obtain a prisoner for purposes of trial. *See Alabama v. Bozeman*, 533 U.S. 146, 151, 121 S. Ct. 2079, 150 L. Ed. 2d 188 (2001). The receiving State must then try the prisoner within 120 days of his arrival and must not return the prisoner to the original place of imprisonment until that trial. *Id.*

It has been recognized that violation of the agreement may form the basis of a cause of action under 42 U.S.C. § 1983. *See e.g., Cuyler v. Adams*, 449 U.S. 433, 450, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981)(Adams has stated a claim for relief under § 1983 for the asserted violation by state officials of the terms of the IAD). Injunctive relief is a proper remedy under § 1983 for violations of the IAD. *See e.g., Cross v. Cunningham*, 87 F.3d 586, 588 (1st Cir. 1996)(Cross is "free to seek injunctive relief under section 1983, requiring New Hampshire officials to comply with their IAD obligations").

-4-

AO72A
(Rev. 8/82)

## CONCLUSION

For the reasons stated, I recommend the motion to dismiss (Doc. 13) be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 7th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)