```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**DEAN F. O'NEIL**                                                **PLAINTIFF**

       v.           Civil No. 06-3055

**STATE OF ARKANSAS;**
**COUNTY OF BOONE; and**
**GORDON WEBB, Boone**
**County Prosecuting Attorney**                                   **DEFENDANTS**

### O R D E R

    Now on this 30th day of July, 2007, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #15), and **Respondent's Objections To Report And Recommendation Of The Magistrate Judge** (document #16), and the Court, having carefully reviewed said documents, and the file in this matter, finds and orders as follows:

    1.   This case was commenced when plaintiff Dean F. O'Neil ("O'Neil") filed a document entitled "Writ of Mandamus." O'Neil complained therein that his rights to a speedy trial under the Sixth Amendment, and to due process under the Fourteenth Amendment, as well as his rights under the Uniform Mandatory Disposition Of Detainers Act ("UMDD"), **V.A.M.S. 217.490**, and the Interstate Agreement On Detainers ("IAD"), **A.C.A. §16-95-101**, were violated by virtue of a detainer placed against him while he was incarcerated in the Missouri Department of Corrections.

    The gravamen of O'Neil's Complaint is his allegation that although he complied with the provisions of the IAD, the detainer

and the underlying indictment, information or criminal complaint against him were not dismissed.  As a result, he contends that he was ineligible for work release during the last six months of his incarceration in Missouri.

The relief sought is dismissal of the charge upon which the detainer was based, and payment of "all cost to the Writ Of Mandamus and any further cost inqured [sic] by any Court or agency related to this cause, and whatever this court deems just and proper in the best interest of justice."

2.   After plaintiff was granted *in forma pauperis* status, the Magistrate Judge directed service of the Complaint upon defendant, Gordon Webb, at the Boone County Prosecuting Attorney's Office.  Webb was served on March 16, 2007.

3.   After Webb was served, a Motion To Dismiss was filed on behalf of the "State of Arkansas and Prosecuting Attorney for Boone County." This Motion pointed out that Webb is a state official, rather than a county official, and that under **28 U.S.C. §1361**, a petition for a writ of mandamus will not lie as against a state official.  The movants thus prayed for dismissal for lack of jurisdiction.

The movants also argued that, pursuant to the Interstate Agreement on Detainers, **A.C.A. §16-95-101**, the remedies sought by plaintiff must be obtained, if at all, from the State courts of either Arkansas or Missouri.

4. The Magistrate Judge reported that the movants were correct in their interpretation of **§1361,** but that plaintiff sought relief under the Interstate Agreement on Detainers, which may form the basis of a cause of action under **42 U.S.C. §1983,** citing **<u>Cuyler v. Adams</u>, 449 U.S. 433 (1981).** He thus recommended that the Motion To Dismiss be denied.

5. Movants lodged Objections to the Report And Recommendation Of The Magistrate Judge, in which they raise the following issues, which they contend must be resolved in their favor and which require their dismissal:

- (a) There is no authority for the federal courts to issue a writ of mandamus against state officials under **28 U.S.C. §1361.**
- (b) The IAD does not create a federal right enforceable under **42 U.S.C. §1983.**
- (c) This Court should abstain in the interests of federalism from deciding the issues presented.
- (d) A habeas corpus proceeding is not cognizable under **§1983** until the prisoner has obtained a favorable result on his claim in other proceedings.
- (e) O'Neil's request for injunctive relief is moot because the detainer was removed on September 20, 2006, upon the request of Arkansas authorities.

6. The documentary submissions of the parties make it

unnecessary to address any of the contentions except the last, inasmuch as they demonstrate that O'Neil has already obtained the injunctive relief he sought by his Writ Of Mandamus. These documents, some of which were submitted by plaintiff and some by defendants, are not challenged by any party. They indicate that on 12/02/05, O'Neil (who was then incarcerated at Ozark Correctional Center, in Fordland Missouri) received a packet containing various forms used in handling detainers under the IAD, related to "Warrant No. 04-02596."

O'Neil signed the necessary documents requesting "final disposition" of Warrant 04-02596 on 12/02/05.

On 12/07/05, the Warden at Ozark Correctional Center signed IAD documents offering to deliver temporary custody of O'Neil to Boone County, Arkansas, for disposition of "Warrant No. 05CR1396." One of the forms signed by the Warden contained the request that "[i]f you do not intend to bring the offender to trial, will you please inform us as soon as possible?"

On June 17, 2006, nothing having happened with reference to the foregoing detainer matter, O'Neil mailed to the Circuit Court of Boone County, Arkansas, a document entitled "Writ Of Prohibition." In this document he prayed for dismissal with prejudice of the "untried indictment, information and warrants" pursuant to the IAD.

The Boone County Circuit Clerk could not locate the warrant,

but sent O'Neil's Writ Of Prohibition to the Boone County Prosecutor's Office, and so notified O'Neil, stating that the Prosecutor's Office handled "all detainers."

On August 2, 2006, the Boone County Circuit Clerk again wrote O'Neil, advising him that she had located "the warrant that was issued on April 6, 2005," and again noting that "detainers are handled through the prosecutor's office."

On August 3, 2006, O'Neil wrote the Boone County Prosecutor's Office, to the attention of Gordon Webb, reciting the foregoing series of events, and requesting that the "untried indictment, information, or complaint" be dismissed with prejudice at the "earliest available opportunity as this detainer is hindering my work release, classification, and possibly my release date of September 22, 2006."

On September 15, 2006, the Boone County Victim Witness Coordinator at the Boone County Prosecutor's Office notified Ozark Correctional Center that it had asked the Harrison Police Department to "pull" the warrant for O'Neil, and that it would "not be coming to pick him up."

On September 20, 2006, the Missouri Department of Corrections notified the Boone County Clerk of Court that it was "withdrawing the detainer we held in your favor . . . . due to the fact there was not enough evidence to prosecute him on."  The letter noted that O'Neil had been released on probation on September 19, 2006.

As can be seen from the documents, the warrant O'Neil challenges has been "pulled" and the detainer "withdrawn," and the injunctive relief O'Neil seeks is moot.

7.  The only remaining aspect of O'Neil's claim is his prayer for costs.  Ordinarily a prisoner granted *in forma pauperis* status would be required to pay the filing fee in installments.  However, in this case the Court did not order such payment.  Service of process was made by the Marshal's Service at no cost to O'Neil.  For these reasons, O'Neil has not incurred any costs in this action.

8.  There being no relief sought which has not already been obtained, the Court is persuaded that the Report And Recommendation Of The Magistrate Judge should not be adopted, and that this case should be dismissed.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **not adopted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**